IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
02 OCT -4 PM 2:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
OCT - 4 2002

| | |
|---|---|
| ALTON C. TURNER, | ) |
| Petitioner, | ) |
| vs. | ) Case No. CV-02-H-59-E |
| JAMES HAYES, Sheriff of Etowah County, and the ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

### MEMORANDUM OPINION

On August 28, 2002, the magistrate judge filed a report and recommending in which he recommended that this action be stayed until such time as the petitioner exhausts state remedies available to him. On September 10, 2002, the petitioner filed a "Clarification of Petition," which the court will deem to be objections to the report and recommendation. Having now carefully reviewed *de novo* all matters in the court file, the court agrees with the magistrate judge that this action is due to be stayed. The report, therefor, is due to be and hereby is ADOPTED and the recommendation is ACCEPTED.

Petitioner filed a timely petition for writ of *habeas corpus* under 28 U.S.C. § 2254, which contains an unexhausted claim, asserting that he was denied his right to appeal. Because more than one year (but less than two years) has expired from the date the conviction became final, dismissal of the current *habeas* would cause any attempt by petitioner to file a new petition after exhausting the claim in state court to be time barred. Thus, dismissal of the instant petition without prejudice would operate effectively like a dismissal with prejudice because the time bar, not now implicated,

would preclude consideration of a subsequent petition. The court should not create a procedural obstacle that otherwise does not exist. Nor should the court undertake to resolve this claim on the merits as long as a state remedy is available because, even though the court could deny the claim on the merits, it cannot grant relief if that should appear to be the proper outcome. The court's efforts would be wasted in that event. Consistent with comity, the state courts must be given the first opportunity to address any constitutional shortcomings.

The court notes that the post-conviction collateral petition provided by Rule 32 of the Alabama Rules of Criminal Procedure may or may not remain available to petitioner. As of August 1, 2002, the time period for filing a Rule 32 petition was shortened from two years to one year, which would appear to eliminate the possibility that petitioner may now assert his claim. The court expresses no opinion on that question, however, because it may turn out that petitioner would be entitled to a "reasonable time" after the August 1, 2002, effective date of the rule change in which to file his new petition. In any event, that is for the state courts of Alabama to determine.

Consequently, by separate order, the court will stay further proceedings in this matter until the petitioner has exhausted his state judicial remedies, at which time either party may move the court to lift the stay.

DONE this the 4th day of October, 2002.

_____
JAMES H. HANCOCK
SENIOR UNITED STATES DISTRICT JUDGE